## BATES v. TERRELL.

7   129
96  524

1. B. being sued upon a promissory note, pleaded *non assumpsit*, want of conside- ration, &c.; upon the trial of the cause he offered in evidence a bond executed by the payee, conditioned to make title to a tract of land, and proposed to show that the note was given for the payment of part of the purchase money, and, that although, the condition of the bond did not recite its date truly, yet it was the same note, to which the condition referred: *Held*—that the bond should be permitted to go in evidence to the jury.

2. *Quere?*—Where notice is given to a party to produce the certificate of the re- ceiver of the land office, showing the purchase of a tract of land, and he produ- ces a patent for the same land issued six years before the trial, will it be intend- ed that the party has ceased to be the custodian of the certificate, so as not to authorize the admission of parol evidence of its contents.

3. In an action upon a promissory note, which has been transferred by delivery, if the nominal plaintiff die, the suit progresses in the name of the real plaintiff, who is liable for costs; and a distributee of the estate of the deceased is a com- petent witness for the plaintiff.

4. Where there is a valid contract in writing, if the purchaser of land is in posses- sion, he cannot resist the payment of purchase money by showing that the ven- dor has no title; but if the vendor's contract is void by the statute of frauds, the vendee may avoid the payment of the money agreed to be paid, although he has given his promissory note for the amount.

Writ of error to the Clerk of the County Court of Sumter.

THIS was an action of assumpsit at the suit of the defendant in error against the plaintiff, on a promissory note, dated the 11th of August, 1836, for the payment of seven hundred dol- lars on the first day of January, 1838. The defendant plead- ed *non assumpsit*, want of consideration, and failure of con- sideration; and on these pleas issues were joined and the cause tried by a jury, who returned a verdict for the plaintiff, for the amount of the note and interest, and judgment was rendered accordingly.

On the trial the defendant excepted to the ruling of the Court. The following questions. arise upon the bill of excep- tions: 1. The defendant offered to read to the jury upon due proof of its execution, a bond executed by the nominal plain- tiff, bearing date the 9th of August, 1836. The condition of

17

which recited that the latter had bargained and sold to the former, a tract of land situate in Sumter county; for which the defendant had given two promissory notes, the one payable on the first of December, 1836, and the other on the first of January, 1838—each for the sum of seven hundred dollars. It was stipulated that the bond should be void, if the plaintiff made a good and legal title on the payment of these notes to the defendant. The Court decided that the bond was not admissible, until the defendant showed that the note in question was one of those to which its condition referred. It was then remarked by the defendant that he expected to identify the note sued on, and establish its consideration by the bond, and other testimony which he intended to adduce. But the Court ruled that the note was not correctly described as to date in the condition, and should not be read, until the defendant showed by other testimony, the identity of the note.

2. The plaintiff had given notice to the defendant, to produce the certificate of the receiver in a land office, for "a certain piece of land, which it was proved was in the defendant's possession some years ago. The defendant produced a patent from the General Land Office for the land, dated six years before the notice was given to produce the certificate. The Court ruled that the production of the patent did not excuse the defendant for not producing the certificate, and that the plaintiff, although she had made no other effort to obtain the certificate or a copy, might prove its contents by parol.

3. The plaintiff called a witness who stated on his voire dire that the nominal plaintiff was dead, that he was one of her heirs, that the note was transferred by his mother to a third person by delivery, and by that person to the real plaintiff: that he (witness) had no interest in the event of the suit. The defendant objected that the witness was incompetent, on the ground of interest, but he was, notwithstanding, permitted to testify.

4. The defendant then offered evidence, tending to show that the note in suit was given in consideration of a verbal sale of land; and the plaintiff introduced proof to show that the contract was in writing. There was a conflict in the evidence, as to whether Bates ever was in possession of the land under his contract with the plaintiff, and there was no

testimony showing that he or any one else for him had made valuable improvements thereon. The proof was also contradictory, whether the defendant was to receive a title from the nominal plaintiff, or from a third person.

The Court charged the jury, that if they believed there was a verbal contract for the sale of the land, between the nominal plaintiff and the defendant, for which the note sued on was given, and the vendee has had possession and made valuable improvements, the vendor could be compelled in equity to convey; and consequently the plaintiff may recover in this action.

The Court further charged the jury, that if the contract for the sale of the land was verbal, and it was agreed that a third person should make the defendant a title, the plaintiff might recover if the defendant took possession and made valuable improvements, although the title had not been made.

Several charges were prayed and refused, which it will be unnecessary to notice, as they present the questions arising on the instructions given.

R. H. SMITH, for the plaintiff in error. The charge as to valuable improvements by Bates, were uncalled for by the proof, and well calculated to mislead the jury. In respect to the verbal contract, possession under it did not of itself impart to it validity. [Johnson v. Hanson, 6 Ala. Rep. 351.] The bond was admissible evidence, and should not have been excluded. [8 Porter's Rep. 547; Bell v. Rhea, Conner & Co. 1 Ala. Rep. N. S. 83; 3 Id. 16, 371.]

The contents of the receipt for the purchase of land should not have been proved, as there was certainly better evidence obtainable to the point than the recollection of witnesses.

HAIR & HOTT, for the defendants.

COLLIER, C. J.—The distinction between the admissibility and sufficiency of evidence has been repeatedly recognized by us; and where evidence tends to establish some material fact put in issue by the pleadings, it is *prima facie* competent. It frequently happens that a party can only make out his case by proving several distinct facts, either of which would be insufficient to lead the mind to a conclusion. In such case, all

that should be required, is to show the pertinency of the proof. That the time of the Court may not be uselessly employed, or the adverse party prejudiced by the introduction of testimony not calculated to promote a proper determination of of the cause, the party offering evidence may be required to state for what purpose it is adduced, and to say whether he intends to offer other proof in connection with it. It is said, " if evidence be irrelevant at the time it is adduced, it is not error to reject it, because other evidence may afterwards be given in connection with which it would be competent. If it would be relevant in conjunction with other facts, it should be proposed in connection with those facts, and an offer to follow the evidence proposed, with proof of those facts at a proper time." [Mardis' Admr's, v. Shackleford, 4 Ala. Rep. 493; Duffee v. Pennington, 1 Ala. Rep. N. S. 506; Bell v. Rhea, Conner & Co., Id. 83; Harrell v. Floyd and wife, 3 Id. 16; Williams v. Haney, Id. 317.]

Conceding that the bond *per se* was *prima facie* irrelevant, and if it was offered alone might have been rejected; yet we think it was clearly competent when aided by other proof to identify the note in question, and establish its consideration. The fact that the note and bond do not bear date of the same day, is an unimportant discrepancy which might be explained by proof. A date was not at all essential to either; and though each of them have one, it is allowable to show that they are erroneously dated, and were perfected by delivery on a day different from that they respectively indicated. The defendant announced his intention to offer the necessary assistant proof; this according to the law as we have stated it, should have induced the admission of the bond. If the defendant failed in adducing such proof, then the Court might have directed the bond to have been withdrawn, or have instructed the jury as to the effect they should accord to it.

Where notice is given to a party to produce a writing, it must be shown that it is in his possession, or power, before it can be said that he is in fault for not producing it, so as to admit secondary evidence of its contents. But possession is frequently presumed from the return of the paper, as well as other circumstances indicative of the place of its custody. A party cannot, by subsequently transferring the custody of a

paper to another person, defeat the operation of the notice to produce it; and if the party in good faith lets the paper go out of his hands after notice, he ought to apprise his adversary, so that he may know where to find it.

Where the party giving the notice, makes out a *prima facie* possession against him who is required to produce a paper, the latter it is said may be sworn to prove the contrary. [3 Phil. Ev. C. & H.'s notes, 1187, and cases there cited. See also Hammond v. Hopping, 13 Wend. Rep. 505.] The view which we take of this case, makes it unnecessary to determine whether the defendant's possession when notice was given, is inferable from the fact, that he had the certificate at some previous time; or whether that inference was not repelled by the production of the patent for the same land, dated some six years previous to the notice. The decision of this point may depend upon the fact, whether the certificate is usually returned to the land office where the patent is received as well as other extrinsic matters, about which the bill of exceptions is silent. In this condition of the record, we prefer laying down the principles which will most probably lead to a correct decision on another trial, without attempting to give to them a particular application.

We would remark, that although it may be possible the certificate may have been material evidence for the plaintiff for some purpose, its materiality is not shown by the bill of exceptions. And if important for the plaintiff, it may be worthy of inquiry, whether a copy may not be obtained from the land office; and if it can, whether parol evidence of its contents is admissible?

The objection to the son of the nominal plaintiff as a witness, was not well taken. He had no interest in the event of the suit. His distributive share of his mother's estate would not be increased or diminished by the result. Under our statute, the action abated as to her, and was continued in the name of the real plaintiff, who was made liable to a judgment for costs if unsuccessful. It is not known that the transfer of the note was made by her under such circumstances as would make her estate liable for its payment; and the interest of the witness cannot consequently be assumed.

The charge of the County Judge in which the jury were

instructed hypothetically, as to the effect of valuable improvements by the vendor, to take the case of a verbal contract for the sale of lands out of the statute of frauds, was uncalled for by the proof; and consequently could subserve no valuable purpose. Its effect may have been to mislead the jury by diverting their minds from the facts proved.—Be this as it may, it should not have.been given.

In Johnson v. Hanson, at the last term, we decided that the vendor of land could not maintain an action upon a verbal contract for the purchase money, although the vendee is in possession, and has already made a partial payment. The difference between that case and the present is, that there, no note was given for the purchase money, but the vendee was in possession and had paid part of it ; here, it is doubtful from the bill of exceptions whether he had ever had the possession, and it does not inform us that he had paid any thing. Assuming the facts of both cases as to the possession and payment to be identical, and the plaintiff is not placed in a more favorable position because he has the defendant's note. A promissory note does not state the terms of the contract of purchase, nor is it a memorandum from which it may be inferred. It is nothing more than a promise to pay money, for which the law implies a valuable consideration. But this implication is not conclusive, and it is permissible for the maker to show that it was given without, or for a consideration that has failed, or under such circumstances that the law will not coerce its payment. This may be done by showing that the undertaking of the payee which induced the maker's promise, is void and cannot be enforced. Now a verbal contract for the sale of lands is declared void by the statute of frauds, and we have seen that possession, even when coupled with part payment will not impart to it validity.

We have repeatedly held, that where there is a valid contract in writing for the sale of land, the purchaser cannot resist the payment of the purchase money, *if he is in possession*, by showing that his vendor has no title. The distinction between that case and one like the present is this : there the contract is valid according to legal forms, and the purchaser if evicted, has his remedy against the vendor. He affirms the contract on his part by retaining possession, and is thus

estopped from showing the invalidity of the seller to perform it. The law allows the purchaser, upon putting the vendor in default for the non-performance of his contract, to rescind and place himself in a position by which he can resist the payment.

But a contract for the sale of lands which is not evidenced by writing, is merely void; the performance of which the vendor cannot enforce; or even recover damages for its breach. The retention of possession in such case cannot estop him; for their is no valid contract to cause such an act thus to operate. Under such circumstances it is competent for the vendee to show that the consideration for his promise was an undertaking on the part of the vendor, which imposed no legal obligation.

It sufficiently appears from what has been said, that the County Court did not correctly apply the law; and without recapitulating, we will merely add, its judgment is reversed and the cause remanded.