## SMITH v. ARMISTEAD'S EX'RS.

1. In order to let in evidence to show that a promissory note, the foundation of the action, has been paid, or that its consideration has failed, it is not necessary to *identify the note by the positive declaration of a witness*: its identity may be determined by the jury, from the description given of it, and other circumstances.

2. Where testimony is offered, which is admissible in itself, though insufficient to warrant the jury in finding a verdict, the Court cannot assume that the party has no further proof to advance, and reject the evidence.

3. The register in which a deed is recorded pursuant to statute, is but a copy, and cannot be read as evidence of its contents, without first accounting for the absence of the original.

4. Although the matter to which a writing relates may be proved entirely independent of it, yet if its contents are inquired after, it must be produced, or its absence excused.

5. *Quære*—Is it competent to give parol evidence of the contents of papers, where they do not form the foundation of the cause, but merely relate to some collateral fact ?

6. Secondary evidence of the contents of a deed is not admissible, merely because the person offering it is not a party to the deed : if the paper is in the hands of a third person under such circumstances, that the law will not compel him to produce it, then secondary evidence is admissible ; but if he who has the custody of it, is within the reach of the Court, *ordinarily,* a *subpœna duces tecum,* would be proper to coerce its production.

Writ of error to the County Court of Clarke.

This was an action of debt on a specialty, dated the 27th of February, 1830, by which the plaintiff in error promised to pay to the defendant's testator, the sum of eighty dollars, on the first of January thereafter for the hire of Rachel and her child Emma, and her daughter Ann.　The cause was tried on the pleas of payment, failure of consideration, &c.; the jury returned a verdict for the plaintiff for the amount of the note and interest, and judgment was rendered accordingly.

On the trial the defendant excepted to the ruling of the Court.　It appears, from the bill of exceptions, that the defendant offered to prove by a son of the testator, that the testator, in the fall of 1838, or '9, told witness, that he held a note against the defendant, his son-in-law, for the hire of certain negroes named Rachel, and Emma and Ann, her children; that he had since, by deed of trust, settled them on his daughter, the defendant's wife.　Defendant then proposed to show by the same witness, that the negroes named in the specialty declared on, were the same as those mentioned by the testator in the conversation deposed to.　The testator told the witness the same in substance, both previous and subsequent to the fall of 1839.　To this evidence, the plaintiff's counsel objected, on the ground, that the witness could not state positively, that the note sued on was that to which the testator referred; and his objection was sustained.

The defendant then produced, from the office of the clerk of the County Court, a book of records, wherein was duly recorded a deed of trust, by which the negroes designated in the note declared on, were conveyed to the trustees by the testator for the benefit of his daughter, the defendant's wife.　To the introduction of this evidence the plaintiff objected, on the

ground, that the original deed must be produced, or its absence accounted for; this objection was also sustained.

A. GRAHAM, (of Greene,) for the plaintiff in error, insisted, that the Court erred in excluding both the parol and documentary evidence; and it cannot be assumed, that the defendant was not prejudiced by rejecting the witness; for the Court cannot know what evidence he had in reserve, and was prevented from offering, in consequence of the exclusion of his testimony. In respect to the copy of the deed, in a suit between persons not parties to it, and who are not entitled to its custody, it is believed to be admissible evidence.

BLOUNT, for the defendant, contended, that although the witness for the defendant below may have been rejected for a very insufficient cause, yet as the defence could not have been thereby prejudiced, it was not a sufficient reason for reversing the judgment. [Caruthers & Kinkle v. Mardis' admr's. 3 Ala. Rep. 599.] The general rule which requires the production of the original deed, unless its absence is accounted for, he conceived, was applicable to this case. [2 Ala. Rep. 144.]

COLLIER, C. J.—The reason for which the rejection of the testimony of the defendant's witness was asked, is clearly insufficient. It was not necessary to show, by positive proof, that the note declared on, was the one to which the testator referred, in the conversation which it was attempted to prove. The jury should judge of its identity from the facts stated, and might determine the point as satisfactorily from the description given of it, (if precise and accurate,) as from the positive declaration of a witness; especially if other testimony was adduced showing that the testator had no other note founded on the same consideration.

In considering the admissibility of evidence, the inquiry to be made, is, whether it is pertinent, and does it tend to establish a fact material, to the case or defence; the question of its sufficiency addresses itself to the jury under the instruction of the Court. It may be conceded, in the present case, that the testimony which the witness was allowed to give, disconnected from every thing else, or unaided by further proof, was entirely unimportant; but it cannot be assumed, that the de-

fendant had nothing further to offer. He may, perhaps, if allowed to proceed, have shown that the testator said, he did not intend to require payment of the note, and had relinquished the hire reserved by it, or some other fact connected with the gift, showing that the defendant was not liable to its payment. The testimony cannot be said to be so palpably irrelevant, as to be incapable of assistance by the proof of other facts.

. In Innerrarity v. Byrne, 8 Porter's Rep. 176, it was said, " if testimony is offered, which in itself is inoperative and void, and is not proposed to be connected with any thing else which may give it validity, the Court, if desired, cannot refuse to reject it." And in Mardis' admr's. v. Shackleford, 4 Ala. Rep. 501, we held, that " if evidence be irrelevant at the time it is offered, it is not error to reject it, because other evidence may afterwards be given, in connection with which, it would become competent. If it would be relevant in conjunction with other facts, it should be proposed in connection with those facts, and an offer to follow the evidence proposed, with proof of those facts at a proper time." Now we will not say, that the Court may not have rejected the testimony.of the witness, because its pertinency was not shown. If such had been the decision, the defendant might, perhaps, have made a disclosure of facts which he expected to prove, that would have removed the objection. This he was prevented from doing, by the Court's ruling, that the evidence adduced was inadmissible to show, that the note of which the testator spoke, was the one on which the action was founded. As then, the rejection of the witness for the reason which induced it, was erroneous, and may have been prejudicial to the defendant, it was an error of which he may take advantage.

The second question raised upon the bill of exceptions is this, is the book in which the clerk of a County Court records a deed, evidence of its contents, without first accounting for the absence of the original. In Fryer v. Dennis, 2 Ala. Rep. 144, this precise question arose. We .there said, that " our statutes in regard to the registration of deeds of land, make a certification of their acknowledgment, or probate, written upon, or under the same, evidence of their genuineness;" and further provides, that " if the original deed, or conveyance be lost, or mislaid, or be destroyed by time or accident, and not in the

party's power to produce, the record of such deed, or convey-
ance, and the transcript of such record, certified to be a true
transcript by the clerk in whose office the record is kept, shall
be received in evidence." This statute, supposing it to be ap-
plicable to personal estate, we held, did not authorize the copy
of a deed, unless a sufficient reason was shown for the non-
production of the original; and independent of the statute, we
considered it inadmissible, because it did not appear that the
higher evidence was not in reach of the party, or the process
of the Court.    [See also, 3 Phil. Ev. C. & H.'s notes, 1208–9 ;
O'Brien v. Kennedy, at the last term.]

Although the transaction, or matter to which a writing re-
lates, may be proved entirely independent of it, yet if its *contents*
are inquired after, it must be proved, or its absence excused;
for as to these, it is the best evidence.    True, there are some
cases which countenance the idea, that parol evidence of the
contents of papers may be given where they do not form the
foundation of the cause, but merely relate to some collateral
fact.    [McFadden v. Kingsbury, 11 Wend. Rep. 667; Mum-
ford v. Browne, Anth. N. P. 40; Southwick v. Stevens, 10
Johns. Rep. 443; Lowry v. Pinson, 2 Bailey Rep. 324 ; Tuck-
er v. Welch, 17 Mass. Rep. 160.]    Two of these cases, and
perhaps a *dictum* in another, thus lay down the law, but these,
it is shown by the learned annotators upon Phillips, go beyond
what is allowable.    [See note, 860, 3 Phil. Ev. 1207.]

It is supposed by the defendant's counsel, that inasmuch as
the defendant is not a party to the deed, it was competent for
him to prove its contents by secondary evidence.    There is no
exception to the rule which thus relaxes it.    If the paper is in
the hands of a third person, under such circumstances, that the
law will not compel him to produce it, then secondary evidence
is admissible; but if he who has the custody of it, is within
reach of the Court, *ordinarily*, a *subpœna duces tecum* would
be proper to coerce its production.

Without adding more upon this point, it is clear, that the
defendant laid no foundation for the admission of secondary
evidence, and if he proposed to prove the contents of the deed,
the record was properly excluded.    But for the error in the
first point considered, the judgment is reversed and the cause
remanded.