## ALLEN vs. SMITH.

1. A general objection to testimony may properly be overruled, when part of it is admissible.
2. On a trial of the right of property in slaves, which are shown to have been bid off by the defendant in execution at an administrator's sale, and a note for the purchase money given by him and claimant, and another as surety, proof of a request by claimant of said surety that he might be included in a deed of trust which said surety was about to take from said defendant to secure the payment of said note, is admissible evidence for the plaintiff.
3. After the plaintiff has introduced parol evidence of the contents of a deed, without objection from the claimant, and the claimant has cross-examined the witness touching the same matter, it is discretionary with the court to exclude the parol evidence, on motion of the claimant, and this discretion will not be reviewed on error.
4. But it is error to admit parol evidence of the contents of a deed, against the objection of the opposite party.
5. As the plaintiff in execution succeeds only to the rights of the defendant, any declaration of the claimant which would be admissible evidence for himself in a suit between him and the defendant, is also admissible for him on the trial of the claim suit.

ERROR to the Circuit Court of Coosa.

Tried before the Hon. GEO. GOLDTHWAITE.

TRIAL OF THE RIGHT OF PROPERTY between Jas. B. Smith, plaintiff in execution, and George R. Allen, claimant, to certain slaves levied on as the property of Wm. M. Allen.

The plaintiff proved, that Wm. M. Allen bid off the slaves in controversy, Adam and Jane, at an administrator's sale, in January, 1846, at the price of $401; that the claimant, George R. Allen, also bid off at the same sale, property to the amount of several hundred dollars; that Wm. M. Allen, at that time, was a single man, and a man of no property, and lived with his brother, George R., who was a married man of considerable property, including five or six likely negroes; that the negroes Adam and Jane went, after the sale, to the house of George R., who lived that year, (1846,) on a tract of land rented from Wilson, the administrator of Waters' estate.

Looney, a witness, testified, that "a day or two after the sale, Wm. M. Allen came to his house, about two and a half

miles from where George R. lived, with a note made payable to Wilson, administrator of Waters, for the rise of $1200, signed first by George R. Allen, and then by Wm. M. Allen, and requested him to sign it as security for him, (Wm. M.) and that he, the witness, signed it." Claimant objected to proof of what transpired between witness and Wm. M. Allen, but his objection was overruled, and he excepted.

Plaintiff proved by the witness Looney, that upon hearing from him that he was about to take from Wm. M. Allen a deed in trust, to secure himself on the note he had signed, the claimant proposed to him to include him, the claimant, in such deed in trust, so as to secure him against his security-ship for said Wm. M. To this proof claimant objected; his objection was overruled, and he excepted.

Looney, in his examination in chief, testified, without objection from the claimant, to the contents of the deed in trust made to secure him, and the claimant cross-examined the witness as to the contents of said deed in trust. After the cross-examination, plaintiff proceeded to re-examine the witness as to the contents of said deed, when the counsel for the claimant moved to withdraw the testimony he had drawn out; which the court refused, and claimant excepted. He then objected to parol proof of the contents of said deed; but the objection was overruled, and claimant excepted.

Witness then proved, that Wm. M. Allen made a deed in trust to one Cooper, as trustee, dated about the 15th April, 1847, conveying the slaves in controversy, to secure to Wilson, the administrator, the note for $1200, given for the property purchased at the administrator's sale; and that the deed had been acknowledged and recorded in Coosa county, where the negroes were. The law day of this deed was 1st June, 1847; the slaves were levied on in August, 1847.

The claimant proved by Dr. Wilson, the administrator of Waters, that the note for the property bid off by Wm. M. and George R. Allen, at his sale, was not made on the day of the sale, as Wm. M. could not give security; that, a few days after the sale, he went to the house of claimant, where he found him and Wm. M.; that he had told them before there must be a good note made for the purchase money; that the claimant, in the presence of Wm. M., handed to wit-

ness the note for about $1200, before mentioned, and said to witness, as he did it, that Wm. Allen could not give security for the slaves he purchased, because he had no property, but that he and William had agreed that he (the claimant,) should take the property at the bid, and make the note for the whole amount, and that the property should be his (George's,) until he (William,) paid for it. The plaintiff objected to this evidence, and the court sustained said objection, so far as to exclude the following, to wit: "and that he and William had agreed, that the property should be his, (George's,) until he (William,) paid for it;" and to this claimant excepted.

Plaintiff proved by this witness, that the claimant had paid off or discharged the first note, by giving a new note and a new deed in trust on these slaves and others, to secure it, which had been accepted by the witness in satisfaction of the first. This proof was objected to by claimant, because the deed in trust was not produced; but the objection was overruled, and claimant excepted.

The court charged the jury: That, if the plaintiff proved the note and deed in trust to Cooper, as set forth in the evidence, yet, that if another note and deed in trust had been accepted by the person to whom the first note and deed was due and owing, in discharge and satisfaction of such note and deed to Cooper, then the first deed was, from such discharge and acceptance, inoperative, and they should not regard it in their deliberations." To this claimant excepted.

The several rulings of the court excepted to as aforesaid, and the charge given, are assigned for error.

ELMORE & YANCEY, for plaintiff in error:

1. The request made by Wm. M. Allen, the defendant in execution, that the witness, Looney, would sign the note for $1200, as security for him, was improperly admitted to be proven, as the claimant was not present. It was *res inter alios acta.* 4 Starkie Ev. m. p. 1300. It cannot be urged, with reason, that the objection taken was too broad. The word "transpired," does not mean what "happened," or what "took place."

2. The court erred in excluding from the jury part of the declaration of claimant to Wilson, when he delivered the

note for $1200, that "he and William Allen had agreed that the property should be George's, until William paid for it;" and for the following reasons: 1st. The plaintiff, Smith, had produced evidence tending to show that both of the Allens had bought property at Wilson's sale, and that the note for $1200, covered the amount of both bids, and that said note was a joint note. The declaration excluded was made at the time of the delivery of the note, accompanied that act, and unfolds and explains the nature of that act, and the relative position and liability of each party. The declaration made at the delivery of the note will be deemed to relate also to the making of the note. Russell et al. v. Frisbie, 19 Conn. 205.

3. Again; that declaration was improperly excluded, because plaintiff, Smith, had produced evidence tending to show that the note for $1200, was made by Wm. M. Allen, as principal, though his name was second upon it, and that claimant was in reality but security upon it. The declaration excluded was made at the time of its delivery to the payee, and at the time when the liability of the parties upon it became fixed; and accompanying that act tended to show that the claimant was the principal. The above issues, that the note for $1200 was either the note of Wm. M. Allen, and was made by both the Allens as joint principals, were made by plaintiff, Smith, and it was a part of the res gestæ thus made, to rebut or explain those facts by what was said, when the note was delivered, and that sale was by that delivery completed. 1 Greenl. Ev. §§ 109, 158; 1 Phillips Ev. 218–19; Cowen & Hill's Notes 444, 452; Br. B'k. Mobile v. Coleman, 20 Ala. 140; Hooper v. Edwards, 20 ib. 529.

4. The delivery of the note for $1200, to Wilson, was a fact admissible to be proven by claimant. If so, all declarations accompanying that act, and tending to explain it, are part of the res gestæ. (See authorities cited above.) The mere act of handing over the note was not all of the delivery. The delivery constituted the sale, perfected the sale of the property, and passed the title from the administrator. To whom did the title pass? That is explained by the declarations excluded. What was the title passed—on what terms was it received? These were explained by the excluded de-

clarations. The character and nature of the sale of the property by Wilson to claimant, is the *res gestœ* of this case. That sale was not perfected until the giving of the note, and its reception by the administrator, Wilson. The excluded declarations tend to explain that sale, to show who received the title, and on what terms; and all that was said, the claimant was entitled to. Authorities *supra*; Yarboro' v. Moss, 9 Ala. Rep. 382.

5. It is said, however, that enough of the claimant's declarations were admitted to show the nature of the transaction, and even if the balance was improperly excluded, no damage has accrued thereby. This ground is untenable. The part admitted tended to prove simply that claimant was principal on the note, and that he took the property absolutely. This was in direct contradiction of plaintiff, Smith's, testimony, that claimant was only security on the note. The part excluded admitted of the construction, that though apparently the principal on the note for the entire amount of the note, yet claimant was in reality, as between him and Wm. Allen, principal alone, as far as the amount of his own bid; and as far as the amount of Wm. Allen's bid, he was really only security, as between Wm. Allen and himself, and took the title to property in his own name, as security, or indemnity in nature of a mortgage. This view was more favorable to claimant than that upon which he was forced to rely by reason of the exclusion of a part of his declarations.

6. Claimant was entitled to have all the declarations accompanying the delivery of the note, before the jury, upon another ground, distinct from the principle of *res gestœ*, viz: they constituted, together with the making and delivery of the note, the execution of a parol contract made by claimant and defendant in execution, in reference to the property involved in the issue.

7. This case is similar in principle to that of Brown v. McGraw, 12 Smedes & Marsh. 267.

RICE & MORGAN, *contra*:

1. The proof offered by plaintiff in error, that he and defendant in execution had agreed that plaintiff should hold the negroes until defendant in execution should pay for them,

was not explanatory of any transaction which Smith had offered in evidence. It was not explanatary of the act of delivering the note, for that was an act done at a particular time, and the declaration made by George R. in presence of William Allen, referred to what they had done before that time. See 17 Ala. 366; Fontaine & Dent v. Beers & Smith, 19 ib. 722.

2. The portion of the evidence which the record shows was excluded, was not at all explanatory of the execution or delivery of the note. The witness had explained that transaction fully, by stating "that he and William had agreed that he (George,) should take the property at the bid, and make the note for the whole amount;" but the balance of the witness' statement, and the only part excluded, "and that the property should be George's until he (William,) paid for it," was a matter beyond, and outside of the transaction; and had no tendency to explain the execution of the note or its delivery; the plaintiff in error had, already, the whole benefit of the evidence in the part which was admitted, and the part which was excluded was really to his disadvantage, for the part admitted, tended to show a complete sale and title in the claimant, while the part excluded qualified that title, and showed that he only held, as trustee, for William Allen. Berry, use, &c. v. Hardman, 11 Ala. 606.

3. The proof offered and excluded tended to prove more than a contract of purchase; it tended to prove that the purchase was for William Allen's benefit. West v. Kelly's Exrs. 19 Ala. 355.

4. If there was error in the ruling of the court on the point above stated, it was error without injury, for the reason that the other proof shows that the contract which it is asserted the evidence tended to prove, was afterwards abandoned by the claimant, and the claimant took a deed of trust from William Allen on the same property, and to secure the same debt, and the claimant could not set up as the ground of his title, a contract which he had himself destroyed. Billingsley v. Harrell, 11 Ala. 776; Long v. Wallis, 15 Ala. Rep. 738.

5. George R. Allen claimed title under William M. Allen, and set up, first, a purchase made from Wm. M. Allen, by

taking the bid which Allen had made, off of his hands, and giving his own note for the amount of the bid; and secondly, under a deed of trust made to Cooper, trustee, for the security of that debt by William M. Allen. In either view, it was competent to show the true position of the parties on the note, as between themselves; in the first case, that William Allen was not a mere security to the note of George R. Allen, and that Looney signed the note as the security of William Allen alone; and in the other case, to show the true consideration of the deed of trust. What "transpired" between the parties, was the presentation of the note signed by George R. Allen, and the signing by Looney, as the security of William Allen, and at his request. The record does not show what Wm. Allen said; but at all events, a portion of the evidence was competent, and the objection was general to all that "transpired," and if it had been sustained, would have excluded the portion which was competent.

6. The record shows that the deed of trust to Cooper, was made at the instance of George R. Allen, and for his benefit, and that he asked Looney to become a party to the deed.

7. The witness, Looney, spoke of the contents of the deed of trust, in reply to a question put by plaintiff in error, and without objection on the part of the defendant in error. If he could withdraw the evidence at pleasure, he could experiment upon the court at pleasure, and exclude every adverse answer made by the witness.

PHELAN, J.—The issue to be tried was, to whom did the slaves, Adam and Jane, belong at the date of the levy? Were they the property of the claimant, George R. Allen, or were they subject to plaintiff's execution, as the property of Wm. M. Allen?

The witness, Looney, testified, that Wm. M. Allen came to him with the note for $1200, or thereabouts, which is proven to have been the note given to Wilson, the administrator of Waters, for the property bid off at the sale by both Wm. M. and George R. Allen, and requested him, the witness, to sign it, as his (Wm. M. Allen's,) security, and that he did so. The claimant objected to proof of what transpired between Wm. M. Allen and witness on this occasion, because

George R. Allen was not present. An argument is made on the precise meaning of the word "transpired." We can attach no force to that. The bill of exceptions must be taken most strongly against the party excepting, and this can be regarded in no other light, than as a general objection to the testimony given by the witness. The fact that he signed the note as security for Wm. M. Allen, is clearly relevant to the issue; and as the objection was general, even if it should be conceded that some part of the testimony was exceptionable, the objection could be properly overruled. It is unnecessary to cite authority for this.

The proof of the request made by the claimant of the same witness, to have him included in a deed in trust, which witness was about to obtain from William M. Allen, to protect him against his suretyship on the $1200 note, so that he, the claimant, might be protected against his suretyship likewise, was also clearly relevant to the issue.

· After the plaintiff had gone on, without objection, to give parol evidence of the contents of the deed in trust from Wm. M. Allen to Cooper, trustee; to secure the note made by the two Allens and Looney, in favor of Wilson, administrator, and after the claimant had cross-examined touching the same matter, it was discretionary with the court to sustain the motion of claimant to exclude the parol evidence or not, and the exercise of this discretion will not be reviewed. Allowing the secondary evidence to be received without objection in the first instance, and then cross-examining, was a waiver of his right to object, which the claimant could not recall at pleasure. .4 How. (Miss.) 396; 13 Conn. 156.

But the admission of parol proof by the witnesss, Wilson, of the contents of the second deed in trust made by claimant to secure the new note that was given, against the objection of the claimant, was an error. Smith v. Armistead, 7 Ala. 698; Greenl. Ev. § 82, et seq.

Claimant, at the time he delivered the note for the purchase money of the property bid off by himself and also by Wm. M. Allen, which, as has been shown, was signed by the two Allens and Looney, said to Wilson, the administrator and payee of the note, in the presence of Wm. M. Allen, "that Wm. Allen could not give security for the slaves he

purchased, because he had no property, but that he and William had agreed, that he (claimant) should take the property at the bid, and make the note for the whole amount, and that the property should be his (claimant's) until William paid for it." The latter part of this declaration of the claimant to Wilson was excluded by the court.

In this there was error. It was competent for the claimant in this issue to show, that he had purchased of William the slaves he bid off, or obtained a pledge of them, or a mortgage upon them *bona fide*, at any time before the lien of the plaintiff attached, and give in evidence any fact proving or tending to prove such a sale, pledge, or mortgage. It cannot be questioned, that if a controversy had arisen, subsequent to that declaration of George R. Allen to Wilson, in the presence of Wm. M. Allen, between George R. and Wm. M. Allen, about the right to the possession of these slaves, this declaration would have been competent evidence on the part of George R. to sustain his right to the possession as bailee, or even as a purchaser from Wm. M. Allen. William stands by, and hears George R., who is at the time delivering a note to the administrator, which includes the purchase money for these slaves, tell the payee in the note, " that he had agreed with William to make the note for the whole amount, and that the property was to be his until he (William) paid for it," and says nothing against it. This was a few days after the sale, and while the slaves were at the house of George R. Allen. When he took the advantage of the act of George R. Allen in making and delivering this note, and heard him in that act declare that such an agreement existed, he thereby estopped himself from denying such an agreement, and the act and declaration accompanying it became competent evidence of such an agreement, against him and all claiming under him. It is not necessary to argue to prove that a plaintiff in execution, as to the property levied on in this case, succeeds only to the rights of his judgment debtor, the defendant in execution; that is, that Smith, as to the right to these slaves, stands in the shoes of Wm. M. Allen. This being so, the right to make this proof against Smith is clear. How far this testimony was affected by the other proof, going to show that subsequently George R. had

consented to have these same slaves embraced in the deed of trust from Wm. M. to Cooper, to secure Looney and George R. Allen, was a question for the jury.

The other assignments of error are not noticed in the argument of the counsel, and it is not deemed necessary to consider them.

For the errors set forth, the judgment below is reversed, and the cause remanded.