# JEMISON, FICKLIN & CO. *vs.* MINOR & BIZZELL.

[ACTION AGAINST PARTNERSHIP FOR LOSS OF HIRED HORSE.]

1. *Competency of partner as witness.*—In an action against a partnership, by its firm name, (Code, § 2142,) to recover damages for the loss of a hired horse, a partner in the firm to which the horse was hired is not a competent witness for the defendants, to show that they did not transact business under the name by which they were sued.
2. *Declarations of partner admissible against partnership.*—The declarations or admissions of one partner, in the course of the partnership business, tending to show a recognition by the partnership of the firm name by which it is sued, are admissible evidence against the partnership.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. WM. S. MUDD.

The complaint in this case was in these words:

"Minor & Bizzell      The plaintiffs claim of the
        *vs.*            defendants $250 as damages, the
Jemison, Ficklin & Co.   value' of a horse, property of plaintiffs, killed and destroyed on the — day of —, 1856, by their agent or servant, while pursuing and acting in

the usual and ordinary business and employment of said defendants. The plaintiffs claim of the defendants, also, the further sum of $250 as damages, the value of a horse, property of plaintiffs, which the said defendants hired of them, and which died of injuries inflicted on the —— day of ——, 1856, caused by reason of the negligence, want of care or skill on the part of the defendants' agent or servant, while using the same, in the ordinary business and employment of the defendants."

The defendants interposed the following pleas:

"1. For answer to the first count in the complaint, defendants say *actio non*, because they say it is not true that a horse, the property of the plaintiffs, was killed and destroyed on the —— day of —— 1856, by the agent or servant of the defendants, while pursuing and acting in the usual and ordinary business and employment of the defendants, as alleged and specified in said complaint. 2. For answer to the second count in said complaint, defendants say *actio non*, because they say it is not true that a horse, the property of plaintiffs, died of injuries inflicted on the —— day of ——, 1856, caused by reason of the negligence, want of care or skill, on the part of the defendants' agent or servant, while using the same, in the ordinary business and employment of said defendants, as alleged and specified in said complaint. 3. For further answer to said complaint, defendants say *actio non*, because they say they had no agent or servant, who was authorized by them to take, use or procure the plaintiffs' horse, at the time alleged in said complaint, in the ordinary business and employment of said defendants, or for any other cause or purpose; nor was plaintiffs' horse at any time injured or destroyed in any manner by the defendants, their agent or servant."

On the trial, the following exceptions were reserved by the defendants to the rulings of the court:

"On the trial of this cause, the plaintiffs introduced evidence tending to show that, in February, 1856, and for some months prior thereto, certain persons owned and were engaged in running a stage-line, for the transportation of the mail and the conveyance of passengers, on

the route between Columbus, Mississippi, and Selma, Alabama, through the town of Eutaw; that plaintiffs hired a horse to said persons, through their agent, to be worked in the stage, and to be used and employed on said stage-line; that said horse, while so used, worked and employed by them, received injuries which caused his death, to recover for which injuries and loss this suit is brought; that at the time of the hiring of said horse, and of the injury and loss complained of, the persons who owned and ran said line of stages, and whose agent hired said horse, did business under the firm name of Jemison, Ficklin & Co., and also under the firm name of Jemison, Ficklin & Powell; and that they acted, and were as well known by one of said firm names as by the other. The defendants then offered evidence tending to show that, prior to July, 1855, two lines of stages were run on said route between Columbus and Selma; that one of said lines was owned and run by Robert Jemison, Doughton Ficklin, Benjamin F. Ficklin, and Green T. Hill, doing business under the firm name of Jemison, Ficklin & Co.; that the other line was owned and run by Jas. R. Powell and others, doing business under the firm name of J. R. Powell & Co.; that these two firms united about the 1st July, 1855, and a new firm was formed, composed of Robert Jemison, Doughton Ficklin, Benjamin F. Ficklin, Green T. Hill, James R. Powell, George R. Timberlake, and F. C. Taylor, taking the firm name of Jemison, Ficklin & Powell; that one of said stage-lines ceased on the formation of said new firm, and only one line has been in operation on said route from that time to the present, employing the same stages, horses, &c., that had previously been employed by said two firms. After this evidence on the part of the defendants [had been introduced], the plaintiffs offered one Spencer as a witness, and proposed to prove by him that, subsequent to July, 1855, and during that year, as well as during a part of the year 1856, he did blacksmith-work on the stages, and shod horses employed on said stage-line; that he charged the work done by him to Jemison, Ficklin & Co.; that he repeatedly presented his accounts, for work done

during that period, charged to Jemison, Ficklin & Co.; and that said accounts were settled by said Benjamin F. Ficklin, without any objection on his part that the work had been improperly charged, or the accounts improperly made out. The defendants objected to the introduction of this evidence, and, their objection being overruled by the court, excepted. The defendants also moved to exclude said evidence from the consideration of the jury, and excepted to the overruling of their motion.

"The defendants offered F. C. Taylor as a witness, who is above mentioned as one of the persons composing the firm of Jemison, Ficklin & Powell, and proposed to prove by him, that he was a member of the firm of Jemison, Ficklin & Powell; that said firm was composed of Robert Jemison, Doughton Ficklin, Benjamin F. Ficklin, Green T. Hill, James R. Powell, George R. Timberlake, and himself, said Taylor; that plaintiffs' horse was being worked by said firm of Jemison, Ficklin & Powell at the time he was injured, and was procured for their use and service from plaintiffs, and was not hired by the defendants, Jemison, Ficklin & Co., nor to be used by them; that the firm of Jemison, Ficklin & Co. was composed of Robert Jemison, Doughton Ficklin, Benjamin F. Ficklin and Green T. Hill, and had previously sold out to Jemison, Ficklin & Powell; and that he (witness) had never been a member of the firm of Jemison, Ficklin & Co. To the introduction of said Taylor as a witness, for the purposes aforesaid, the plaintiffs objected, and the court sustained their objection; to which ruling of the court, refusing to permit said witness to testify, the defendants excepted."

These two rulings of the court are now assigned as error.

J. D. WEBB & INGE, for the appellants.

JNO. G. PIERCE, contra.

R. W. WALKER, J.—1. The evidence tended to show, that the plaintiffs' horse was hired to certain persons, who were engaged in running a line of stages between Columbus and Selma; and that, in consequence of the neglect

of their servant, he was lost.   The suit was against "Jemison, Ficklin & Co.," and was brought under section 2142 of the Code; the individuals composing the firm not being named either in the summons or complaint.   Hence, in order to a recovery, it was essential that the plaintiff should prove that the persons who were his bailees, and by the negligence of whose servant his horse had been lost, transacted business under the common name of Jemison, Ficklin & Co.   The plaintiff's evidence tended to establish that fact.   On the other hand, evidence was introduced by the defendants, which tended to show that the true and only firm name of the persons who were engaged in running that line of stages was "Jemison, Ficklin & Powell."   It is to be gathered from the bill of exceptions, that one of the disputed points in the court below was, whether the bailees of the plaintiffs, who were the owners of the stage-line referred to, did in fact transact business under the name of Jemison, Ficklin & Co.   If they did, F. C. Taylor, who, it is shown, was one of the persons engaged in running that line of stages, was a party to the suit, and would have been directly affected by the judgment.   Inasmuch as there was some evidence tending to show that the plaintiffs' bailees did transact business under the name of Jemison, Ficklin & Co., and as, upon that hypothesis, a judgment in favor of the plaintiff would bind property in which Taylor had a partner's interest, we cannot see how the latter can be considered a competent witness for the purposes for which he was offered by the defendants.   Considering the case in the aspect in which it was presented by the plaintiffs' proof, to have allowed Taylor to testify that the plaintiffs' bailees, of whom he was one, were incorrectly described as "Jemison, Ficklin & Co.," and had no such common name as that, would have been to permit him to discharge himself by his own evidence from a pending suit.

2. It was shown that B. F. Ficklin was a member of the firm, (whatever was its true style,) which hired the horse; and any act or declaration of his, in the course of the partnership business, which tended to show a recog-

nition of "Jemison, Ficklin & Co." as the firm name, was relevant testimony for the plaintiff. Upon this principle, we think the facts detailed by the witness Spencer were admissible, however slight the effect to which they were entitled.—Collyer on Part. §§ 422–3; Sanders v. Stokes, 30 Ala. 432.

The judgment of the circuit court is affirmed.